Filed 4/18/25  P. v. Benson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C101110 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2023-0004263) |
| v. | |
| LANCE ALYN BENSON, | |
| Defendant and Appellant. | |

This is an appeal from judgment after a jury found defendant Lance Alyn Benson committed battery by a prisoner.  His sole contention on appeal is that the trial court abused its discretion by denying his due process motion to dismiss based on precharging delay.  We will affirm the judgment.

**FACTS AND PROCEEDINGS**

On September 5, 2021, while incarcerated at the California Health Care Facility (CHCF), defendant was involved in a physical altercation with a correctional officer.  At trial, the officer testified that defendant attacked him after he gave defendant an order to

1

go back to his unit, while defendant testified that he punched the officer after the officer had disrespected and provoked him, causing him to fear for his safety with the other inmates.

More than 19 months after the altercation, on April 13, 2023, the People filed a complaint charging defendant with one count of battery by a prisoner. (Pen. Code, § 4501.5.) After a preliminary hearing, the People filed an information that added the allegations that defendant personally inflicted great bodily injury (*id.*, § 12022.7) and defendant was previously convicted of a serious crime (*id.*, §§ 1170.12, subd. (b), 667, subd. (d)).

Before trial, defendant filed a motion to dismiss for speedy trial violations. The People opposed the motion. Following a hearing, the trial court denied the motion.

A jury found defendant guilty of battery, but found not true the great bodily injury allegation. In bifurcated proceedings, the trial court found true the prior conviction allegation. The court sentenced defendant to prison for the lower term of two years, doubled to four years due to his prior conviction.

Defendant timely filed a notice of appeal. The case was fully briefed in February 2025 and was assigned to the current panel at the end of that month.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his motion to dismiss. As we next explain, we disagree.

A. *Legal Background*

The due process clauses of the federal and California constitutions "protect a defendant from the prejudicial effects of lengthy, unjustified delay between the commission of a crime and the defendant's arrest and charging." (*People v. Cowan* (2010) 50 Cal.4th 401, 430 (*Cowan*).)

"A defendant seeking to dismiss a charge on [grounds of precharging delay] must demonstrate prejudice arising from the delay. The prosecution may offer justification for

2

the delay, and the court considering a motion to dismiss balances the harm to the defendant against the justification for the delay." (*People v. Catlin* (2001) 26 Cal.4th 81, 107.) To obtain dismissal, the defendant must affirmatively show actual prejudice. (*People v. Abel* (2012) 53 Cal.4th 891, 908-909 [prejudice not presumed]; *People v. Nelson* (2008) 43 Cal.4th 1242, 1250 (*Nelson*) [defendant must affirmatively show prejudice].) Prejudice may be shown where a delay has "weaken[ed] the defense through the dimming of memories, the death or disappearance of witnesses, and the loss or destruction of material physical evidence." (*Nelson*, at p. 1250.) "If defendant fails to show prejudice, the court need not inquire into the justification for the delay since there is nothing to 'weigh' such justification against." (*People v. Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 911 (*Dunn-Gonzalez*).)

If defendant shows prejudice, the court must balance the prejudice against the justification for the delay. (*Nelson*, *supra*, 43 Cal.4th at p. 1251.) "Even a minimal showing of prejudice may require dismissal if the proffered justification for delay is insubstantial. By the same token, the more reasonable the delay, the more prejudice the defense would have to show to require dismissal. Therein lies the delicate task of balancing competing interests." (*Dunn-Gonzalez*, *supra*, 47 Cal.App.4th at p. 915.) "[W]hether the delay was negligent or purposeful is relevant to the balancing process. Purposeful delay to gain an advantage is totally unjustified, and a relatively weak showing of prejudice would suffice to tip the scales towards finding a due process violation. If the delay was merely negligent, a greater showing of prejudice would be required to establish a due process violation." (*Nelson*, *supra*, 43 Cal.4th at p. 1256.) "The justification for the delay is strong when there is 'investigative delay, [and] nothing else.' " (*Cowan*, *supra*, 50 Cal.4th at p. 431.)

A trial court's ruling on a motion to dismiss for prejudicial precharging delay is reviewed for an abuse of discretion; we defer to any underlying factual findings if supported by substantial evidence. (*Cowan, supra,* 50 Cal.4th at p. 431.) " 'Where a trial

3

court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court.' " (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414.) "[W]e consider all evidence that was before the court at the time the court ruled on the motion." (*People v. Jones* (2013) 57 Cal.4th 899, 922.)

B. *Trial Court Proceedings*

Defendant's motion to dismiss argued the delay in filing charges prejudiced him because witnesses to the altercation were critical to his defense, and it was exceptionally burdensome for him to locate witnesses due to the transient nature of CHCF's inmate population. He added that the surveillance video from the altercation had likely been deleted. As to the justification for the delay, he argued that the California Department of Corrections and Rehabilitation (CDCR) had already completed its investigation and report, which concluded that he had violated facility rules, and therefore the delay was unjustified.

At the hearing on the motion, defense counsel added that the complaint was filed one day after defendant had filed a grievance against CDCR, and one month after he filed a separate grievance. Counsel indicated that he intended to investigate whether the criminal complaint was filed as retaliation for those grievances.

The prosecutor argued that defendant suffered no prejudice because the charges were filed within the applicable three-year statute of limitations, defendant had received the surveillance video from the altercation, and defendant had located a witness.

The trial court clarified that defendant was not claiming a violation of his speedy trial rights, which did not attach until he was charged, but rather a violation of due process based on precharging delay. The court noted defendant's argument that he was prejudiced due to the loss of witnesses, and asked whether defense counsel had attempted to identify witnesses when the altercation occurred. Counsel responded that defendant remembered the name of one witness, from whom he was working to obtain a statement,

4

but it was difficult to determine who was nearby at the time of the altercation. Counsel did not specify whether defendant had known the identities of any other witnesses at any point after the altercation. Indeed, counsel noted that no witnesses were listed in CDCR's report, and although he "suspect[ed] there were" other witnesses, he had no way to identify them. Counsel further acknowledged that he did not know whether the memory of the witness he had identified (or any other potential witness) had been lost due to the passage of time.

The trial court observed that the prejudice to defendant "seem[ed] very minimal," but nevertheless asked the prosecutor why criminal charges were not filed for 20 months. The prosecutor responded that, based on "talking to the people at the agency or witnesses in the case," the investigation was ongoing, and "that's how long it took them." The prosecutor, who had not personally charged the case, acknowledged that he did not know if the case had been received from CDCR earlier. Defense counsel conceded there was no evidence that the precharging delay was for purposes of gaining a tactical advantage.

The trial court denied the motion, reasoning as follows: "Looking at all the evidence here, it appears that any prejudice that was suffered by [defendant] would have been minimal in nature. [¶] It doesn't appear that any video evidence was lost. [¶] It appears that the witness that he's aware of, that his counsel is attempting to contact that person. [¶] The Court has no other information about any actual prejudice suffered by [defendant] because of the delay. [¶] It does not appear here that the People did this intentionally to gain a tactical advantage over the defendant. That perhaps it was negligence, or perhaps it was because it was still being investigated. But I'm not finding that it was intentional to gain an advantage over [defendant]. [¶] Based on the prejudice shown here being minimal, if any, and the lack of an intentional delay, the Court is finding that he has not suffered prejudice to the point that his due process rights have been violated."

5

*C. Analysis*

We see no abuse of discretion, because substantial evidence supports the trial court's finding that defendant suffered minimal prejudice due to the precharging delay. The delay did not result in the loss of any physical evidence, and, at the time of the court's ruling, defendant was attempting to contact the witness he had identified. On appeal, defendant argues that he was prejudiced because the surveillance video showed five to six other inmates present at the time of the altercation, and it was unduly burdensome to attempt to locate them after charges were filed due to the transitory nature of inmates housed at CHCF. But the court asked defense counsel whether he was aware of any other witnesses, to which counsel responded only that he "*suspect[ed]* there were." (Italics added.) Counsel did not argue that the surveillance video showed multiple witnesses in the immediate vicinity of the altercation. Speculative arguments are insufficient to establish actual prejudice. (*People v. Manzo* (2023) 96 Cal.App.5th 538, 541.) Additionally, the court asked counsel whether he had attempted to contact any witnesses when the altercation occurred; counsel responded only that he had been able to identify one witness and that defendant "remember[ed] one name." The record does not show how long defendant or other witnesses (if any) had been housed at CHCF to support the assertion that defendant knew the identities of other witnesses but had forgotten them. Finally, the record does not show that the memory of any witnesses, if indeed there were any witnesses, had lapsed due to the passage of time.

Substantial evidence also supports the trial court's finding that the precharging delay was not intentional to gain a tactical advantage over defendant. The court acknowledged that the delay might have been due to continued investigation, as the prosecutor asserted, or negligence. But defense counsel acknowledged there was no evidence that the delay was intentional.

The trial court's balancing of the prejudice against the justification was not an abuse of discretion. As our courts have recognized, the balancing of competing interests

6

is a "delicate task" (*Dunn-Gonzalez*, *supra*, 47 Cal.App.4th at p. 915), and we do not substitute our judgment for that of the court (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 414). The trial court acknowledged that the precharging delay might have been due to continued investigation, in which case justification for the delay "is strong" (*Cowan*, *supra*, 50 Cal.4th at p. 431), or negligent, in which case "a greater showing of prejudice [than that required in the case of intentional delay] would be required to establish a due process violation" (*Nelson*, *supra*, 43 Cal.4th at p. 1256). The court did not abuse its discretion when it found that defendant's showing of minimal prejudice was insufficient to establish a due process violation when balanced against the People's precharging delay, which was shown to be, at worst, negligent.

### DISPOSITION

The judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Feinberg, J.

/s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.